**AL AKERMAN, Plaintiff**

v.

**ALL ISLANDS RENT–A–CAR, INC., and ROBERT STEINBERG, Defendants**

Civil No. 80-113

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 17, 1980

JOHN J. MAHON, ESQ. (LEARNED & MAHON), St. Thomas, V.I., *for plaintiff*

DON C. MILLS, ESQ. (MILLER & MILLS), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

To be addressed at this time is the motion of defendants to quash the summonses heretofore served upon them. Fed. R. Civ. P. 12(b). The motion will be denied.

Plaintiff brought this action for debt against the defendant corporation, All Islands Rent-A-Car, Inc., and the defendant Robert Steinberg, based on a promissory note that is allegedly due and owing to plaintiff. Plaintiff initially attempted to have the summonses and complaints served upon Robert Steinberg, individually and as president and agent for service of All Islands Rent-A-Car, Inc., at Robert Steinberg's last known business address in St. Thomas, this in accordance with the requirements of Fed. R. Civ. P.

4(a)-(d). However, the United States Marshal was unable to locate Robert Steinberg at that address.

Thereafter, plaintiff submitted a motion for substituted service on the defendant at his residence in Road Town, Tortola, British Virgin Islands. This Court issued an Order dated May 20, 1980, authorizing either personal service outside the jurisdiction, service by certified mail, return receipt requested, or as a last resort, service by publication. Defendant Robert Steinberg received copies of the summonses and complaints by certified mail. The return receipt card has been filed with the Court as proof that service was effected. Defendant, however, challenges the validity of the service on the grounds that the summonses were not issued and signed by the Clerk of the Court nor under the seal of the Court and thus failed to comply with the requirements of Fed. R. Civ. P. 4(a) and (b).

■ Fed. R. Civ. P. 4(a) provides that "upon the filing of the complaint the clerk shall forthwith issue a summons." Fed. R. Civ. P. 4(b) adds the requirements, inter alia, that "[t]he summons shall be signed by the clerk [and] be under the seal of the Court." A summons without the Clerk's signature and a seal may be valid however, "when, under Rule 4(e), service is made pursuant to a statute or rule of court of a state." Fed. R. Civ. P. 4(b). The Virgin Islands is a "state" for purposes of Fed. R. Civ. P. 4. Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495, 504 (D.C.V.I. 1974).

■■ This Court issued its order for service of process outside the territory pursuant to the authority granted the Court by Fed. R. Civ. P. 4(e) and 5 V.I.C. § 4911. 5 V.I.C. § 4911 provides in pertinent part that service which is "reasonably calculated to give actual notice," may be made outside the territory "by any form of mail addressed to the person to be served and requiring a signed receipt . . . or as directed by the Court." Contrast the language of 5 V.I.C. § 4911 with that of Fed. R. Civ. P. 4(i) which sets out alternative provisions for service in a foreign country. 5 V.I.C. § 4911 is similar to Fed. R. Civ. P. 4(i), but there are certain significant differences. Fed. R. Civ. P. 4(i)(1)(D) provides that service may be made in a foreign country "by any form of mail, requiring a signed receipt, *to be addressed and dispatched by the Clerk of the Court* to the party to be served." (Emphasis added.) Thus, Fed. R. Civ. P. 4(i)(1)(D) contains the requirement that the Clerk of the Court dispatch the summons, while 5 V.I.C. § 4911 appears to require no contact with Clerk. The Court therefore finds it reasonable to interpret 5 V.I.C. § 4911 as dispensing with the formalities of the Clerk's signature and

13

seal of the Court, when service is made by mail or pursuant to the Court's order, unless the Court specifically directs otherwise. This Court's order issued on May 20, 1980, did not direct that the summonses be issued and signed by the Clerk of the Court or that they be under the seal of the Court. Therefore, the fact that the summonses did not comply with these formalities is of no consequence. As the summonses met the other requirements of form set out in Fed. R. Civ. P. 4(b),[1] which this Court finds sufficient to give adequate notice of the action to the defendant, the motion to quash the summonses will be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to quash the summonses be, and the same is hereby, DENIED.

---

[1] Fed. R. Civ. P. 4(b) requires that the summons "contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint."